UNTIED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

.....................................................................x
            :
            :  Civil Action No.
JENNIFER NETTIS      :
            :
      Plaintiff.  :  <u>VERIFIED COMPLAINT</u>
  vs.          :
            :
FIRST STUDENT, INC.    :
            :
            :
            :
            :  PLAINTIFF DEMANDS
      Defendant.  :  <u>A TRIAL BY JURY</u>
.....................................................................x

   1. Plaintiff, Jennifer Nettis, by and through her attorneys, Law Firm of

Rosenberg and Press, LLC complaining of the Defendant, First Student, Inc (hereinafter

referred to as "First Student"), alleges as follows:

## I. JURISDICTION

   2. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000 et seq, as

amended by the Civil Rights Act of 1991, 29 U.S.C. § 206d et seq. and 28 U.S.C. § 1331.

ThePlaintiff requests that this Court exercise supplemental jurisdiction over his state law

claims under 28 U.S.C. § 1367.

## II. VENUE

3. Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper in the District of Connecticut because the Plaintiff resides in Connecticut, the Defendant conducts business within the state of Connecticut and a substantial part of the conduct being alleged occurred within the state of Connecticut.

## III. THE PARTIES

4. The Plaintiff, Jennifer Nettis is a 31 year old Caucasian Female, was and still is a citizen of the United States and a resident of the Town of Wallingford and State of Connecticut.

5. The Defendant, First Student, Inc., is a company with a principal place of Business in Cincinnati, Ohio, which has employed at least 15 persons during Plaintiff's employment within a state of Connecticut.

## IV. VENUE

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper in the District of Connecticut because the Plaintiff resides in Connecticut, the Defendant conducts business within the state of Connecticut and a substantial part of the conduct being alleged occurred within the state of Connecticut.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES AND PROCEDURAL REQUIREMENTS

7. The Plaintiff, Jennifer Nettis filed complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), as well as the federal Equal Employment Opportunities Commission ("EEOC") on or about February 23, 2010 alleging a continuous and on-going pattern of sexual harassment, disparate treatment, and hostile workplace by the defendant. The alleged treatment by the defendant continued up to the date that she left the defendant's employment, on or about September 26, 2008.

8. The Plaintiff, Jennifer Nettis received a Right to Sue letter from the CHRO, which was issued on June 16, 2010.(Attached as Exhibit A)

9. The Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

10. The Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b), (c), and (d).

11. The Defendant is engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

## VI. FACTS

12. On or about the end of January of 2008 the Defendant hired Mr. Joshua Hawlena, a morbidly obese man, as a bus driver.

13. During the week of March 3, 2008 the Plaintiff, Jennifer Nettis, was accompanied on her bus route by the Defendant, Mr. Hawlena.

14. The following week, Jennifer Nettis was away on vacation. When Jennifer Nettis returned from vacation, Mr. Hawlena approached her and proceeded to hug her and rub her back.

15. Jennifer attempted to avoid the unwelcome contact and step away, but Mr. Hawlena proceeded to advance towards her.

16. Jennifer was forced to retreat to her bus and close the door to avoid the unwelcome and offensive contact until it was time to leave.

17. From on or about March 18, 2008, when Jennifer came back from vacation to April 19, 2008 Plaintiff was subjected to constant unwelcome physical contacts and sexual assaults from Mr. Hawlena, who would reach to hug her, rub her back, shoulders, hips and pull her into him and make other sexually motivated and suggestive moves against her.

18. When Jennifer attempted to avoid his sexual assault, Mr. Hawlena would just push closer.

19. The offensive conduct continued and only ceased on April 21 to April 25th 2008 due to spring break.

20. On April 28, 2008, Jennifer Nettis was reading a newspaper while sitting on the stairs of her bus when she saw Mr. Hawlena standing in her doorway and blocking the door with his hands and body.

21. When Jennifer went further up the stairs to escape, Mr. Hawlena proceeded to enter the bus to further block Jennifer's exit.

22. Jennifer attempted to leave the bus and asked Mr. Hawlena to let her pass.

23. When Jennifer attempted to go around Mr. Hawlena, he physically accosted her, grabbing at her and kissing her.

24. On the afternoon of April 28, 2008 Jennifer reported this incident as well as previous incidents to her manager, Mrs. Ellen Smith, who promised that she would "take care of it."

25. Soon after Jennifer returned from the Memorial Day weekend, while she was standing in the dispatch office room, Mr. Hawlena blocked the doorway leading out of the room and refused to move.

26. Mr. Hawlena then proceeded to grab Jennifer and pull her close to his massive body, telling her how it was getting hot out and that she had to bring her kids to his house to go swimming.

27. Jennifer struggled to pull away from Mr. Hawlena but he proceeded to advance towards her.

28. Two male co-workers who were present at the time of this incident told Mr. Hawlena to stop, back off and leave Jennifer alone.

29. During the incident Jennifer Nettis's manager Mrs. Ellen Smith was standing a few feet away and heard the conversation.

30. Mrs. Ellen Smith then proceeded to walk back to her office without making any comments or taking any action to discipline or otherwise discuss this incident with Mr. Hawlena.

31. The last two and a half weeks of school Mr. Hawlena continued his pattern of sexual assault repeatedly and consistently touching Jennifer Nettis in an offensive and unwelcome fashion.

32. The offensive contact became so constant and intense that Jennifer often resorted to hiding behind other male co-workers to avoid Mr. Hawlena.

33. On June 17, 2008, the last day of school, after Jennifer completed work for the day, and while she was on her way to her car to go home,  Mr. Hawlena approached Jennifer and blocked her exit by positioning his very large body between two cars.

34. Mr. Hawlena pulled Jennifer to him and proceeded to hug her without consent while rubbing her back, telling her that her kids should go swimming at his pool.

35. When Jennifer attempted to open the door of her car, Mr. Hawlena put his hand on the door preventing her from opening it and getting into her vehicle.

36. In order to escape this assault, Jennifer Nettis was forced to tell Mr. Hawlena that maybe she will bring the kids over to his house, after which he finally allowed her to enter her vehicle.

37. Plaintiff subsequently reported this incident to her supervisor Mrs. Ellen Smith who attempted to placate and patronize her, saying to not worry as this was the end of the year and she will probably not see Mr. Hawlena for two months.

38. Although Jennifer Nettis's first complaint was explicitly requested to be kept confidential from other employees, Defendant's mother and co-worker, Mrs. Laura Hawlena was informed of the complaint against her son.

39. Mrs. Ellen Smith, the manager, asked Mrs. Laura Hawlena to speak to Mr. Hawlena about the complaint.

40. As a result of Mrs. Ellen Smith's unauthorized communication with Mrs. Laura Hawlena, Mrs. Laura Hawlena proceeded to verbally ridicule Jennifer in front of other

employees, telling her that her son is just a touchy feely person and that Jennifer is acting like a baby because she is bothered by it.

41. On August 25, 2008 while Jennifer was conversing with Mrs. Ellen Smith and standing in front of her desk,  Mr. Hawlena approached Jennifer from behind and proceeded to rub her back.

42. Mr. Hawlena then spun Plaintiff around and gave her a hug in front of Mrs. Ellen Smith.

43. Jennifer stepped away and looked to her supervisor Mrs. Ellen Smith, who turned around and continued working, thereby totally ignoring the behavior by Mr. Hawlena and ignoring Jennifer's pleas for help.

44. On August 28, 2008, the first day of school, because Mr. Hawlena walked up to Jennifer and proceeded to rub her back , Jennifer felt forced to avoid Mr. Hawlena by trying to make sure she was on the opposite side of the bus lot for the remainder of the day.

45. On September 12, 2008 Jennifer was standing in between two mini buses filling out an inspection book, when Mr. Hawlena walked over to Plaintiff and hugged her and forcibly pinned her against the bus.

46. Mr. Hawlena further told Jennifer that she was not allowed to leave her job because he would miss her.

47. Plaintiff was forced to endure hostile and unwelcome advances and assaults by Mr. Hawlena and her complaints to her supervisor were ignored.

48. On September 18, 2008 she was compelled to change employment and resign from her position at First Student, Inc. as a result of the continued sexual abuse and assault and her supervisor willful misconduct and ignorance of the situation.

49. Mr. Hawlena's offensive and unwelcome actions as well as her supervisor's failure to discipline Mr. Hawlena or otherwise put a stop to Mr. Hawlena's behavior is in direct violation of Plaintiff's employment practices as outlined in your National Employee Handbook(the "Handbook"). Section 3 Section B of the Handbook entitled "Employment Practices", specifically states that "[F]irst Student recognizes that….harassment of any type undermines the integrity of the employment relationship between employer and employee. It is absolutely inconsistent with the First Student philosophy and with sound management practice."(see page 25, paragraph 1 of section B).

50. Later in the same section, it states, in relevant part, "examples of prohibited sexual advances or harassment include, but are not limited to, the following 1. Any

deliberate or repeated verbal comments, gestures or physical contact of a sexual nature which are unwelcome and which, when made by an employee, adversely affect the working conditions of another employee."(See page 25. paragraph 1 of section B).

51. Mr. Hawlena also blatantly violated Section 6 of the Handbook entitled Company Rules and Personal Conduct. Subsection (A), Employee Misconduct, clearly states, "to insure orderly operations and the best possible work environment, First Student expects employees to follow rules of conduct that will protect the interests and safety of all employees and the organization. It is not possible to list all the forms of behavior that are considered unacceptable n the workplace. Some rule infractions may be cause for immediate termination and some infractions may be subject to progressive disciplinary steps i.e., verbal and written warnings, and suspensions from work" (See p 41, paragraph 1 of section A). Section A then goes on to list the infractions as "examples of unacceptable behavior that may subject an employee to immediate termination." Such examples include (5) immoral illegal, or indecent conduct" and (9) "repeated violations o unacceptable conduct."(See page 42 of Section A).

52. It is clear that the behavior towards Plaintiff was unacceptable, illegal, immoral and indecent.

53. The Defendant, through its employees/agents, particularly Mr. Hawlena, have

subjected the Plaintiff to unwelcome harassment and have created a hostile work environment in a workplace.

54. The conduct of the Defendant, through its employees/agents, has been pervasive, unfair, discriminatory, disruptive to Plaintiff's title, position, job duties, job opportunities, and physical and psychological well-being.

COUNT I

**Hostile Work Environment in Violation of Title VII,42 U.S. § 2000e, *et. seq.***

1-54. The Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-54, inclusive of this Complaint with the same force and effect as if set forth in full herein.

55. Plaintiff alleges that the complained of actions violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* in that the Defendants' actions constitute an unlawful employment practice because of Plaintiff's sex.

56. By its actions, the Defendant by and through its employees/agents created a workplace permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive working environment.

57. The acts of the Defendant through its employees/agents have been pervasive,

unfair, discriminatory and disruptive to Plaintiff's title, position and physical and psychological well-being.

58. The actions and conduct of Defendant through its employees/agents constitute unlawful behavior and their purpose was to create intimidation and a hostile and offensive work environment.

59. The Defendant was made repeatedly aware of the harassment and discrimination against Plaintiff. Defendant failed to prevent and to take prompt and effective action to stop and/or remedy the unlawful actions.

60. As a direct and proximate result of the Defendant's harassing acts, Plaintiff has suffered and will continue to suffer financial loss which will continue in the future, including loss of salary and other compensation, and mental, physical and emotional distress. Said emotional and physical distress will continue into the future, as well as past and future loss of enjoyment of life's opportunities, humiliation, inconvenience and other damages.

61. By reason of the foregoing, the Plaintiff has become entitled to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## COUNT II

### Constructive Discharge in Violation of Title VII, 42 U.S. § 2000e, *et. seq.* and Conn. Gen. Stat. § 46a-60, *et. seq.*(CFEPA)

1-61. The Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-61, inclusive of this Complaint with the same force and effect as if set forth in full herein.

62. By the action and inaction of its employees, the Plaintiff has intentionally created an intolerable work atmosphere that forced the Plaintiff to quit involuntarily.

63. The Defendant created intolerable working conditions which are so difficult and unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.

64. By reason of the foregoing, the Plaintiff has become entitled to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## COUNT III.

### Sex Discrimination in Violation of Title VII, 42 U.S. § 2000e, *et. seq.* and Conn. Gen. Stat. § 46a-60, *et. seq.*(CFEPA)

1-64. The Plaintiff repeats and re- alleges each and every allegation contained in Paragraphs 1-64 of Count II, inclusive of this Complaint with the same force and effect as if set forth in full herein.

65. The Defendant's conduct as described herein was created because of the Plaintiff's sex.

66. By reason of the foregoing, the Plaintiff has become entitled to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### COUNT IV.

### Negligent Infliction of Emotional Distress

1-66. The Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-66 of  Count III, inclusive of this Complaint with the same force and effect as if set forth in full herein.

67. The Defendant knew or should have known that its conduct, by and through its employees/agents delineated in paragraphs 1-48 of Count I, above created an unreasonable risk of causing emotional distress to the Plaintiff.

68. The Defendant knew or should have known that the conduct delineated above might result in illness or bodily harm to the Plaintiff.

69. The Defendant, by its conduct delineated in paragraphs1-48 of Count I, negligently inflicted severe emotional distress on the Plaintiff so severe that no reasonable person could be expected to endure it.

70. The Plaintiff claims damages for negligent infliction of emotional distress.

## COUNT V.

### Intentional Infliction of Emotional Distress

1-70. The Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-71 of Count IV, inclusive of this Complaint with the same force and effect as if set forth in full herein.

71. The actions of the Defendant, by and through its employees/agents was done with the intent that the Plaintiff would suffer emotional distress thereby.

72.   The Defendant, by its conduct delineated in paragraphs 1-48 of Count I, intentionally inflicted severe emotional distress on the Plaintiff.

73.   The Defendant knew or should have known that its conduct would cause severe emotional distress and upon the Plaintiff.

74. Defendant's conduct was extreme and outrageous.

75.   The Defendant's actions did cause emotional distress upon the Plaintiff.  Said emotional distress was so severe that no reasonable person could be expected to endure it.

## Prayer for Relief

Wherefore, Plaintiff prays:

A.  Pursuant to Count I against the Defendant:

1.  That the Court find and declare that the Plaintiff has suffered from acts of unlawful creation of a hostile work environment by the Defendant through its employees/agents.

2.  The Plaintiff be awarded the lost back pay that she would have earned but for the Defendant's unlawful acts, together with related benefits and other compensatory damages resulting from the Defendant's intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional pain,

suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, attorneys fees, expert fees, and costs and disbursements in an amount in an amount of $1,000,000.00 or otherwise as determined at trial.

3. The Plaintiff be awarded such other relief as this Court deem just and proper.

B. Pursuant to Count II against the Defendant:

1. That the Court find and declare that the Plaintiff has suffered from acts of unlawful retaliation by the Defendants through its employees/agents.

2. The Plaintiff be awarded the lost back pay that she would have earned but for the Defendant's unlawful acts, together with related benefits and other compensatory damages resulting from the Defendant's intentional, willful and malicious retaliation, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, attorneys fees, expert fees, and costs and disbursements in an amount of $1,000,000.00 or otherwise as determined at trial.

3. The Plaintiff be awarded such other relief as this Court deem just and proper.

C. Pursuant to Count III against the Defendant:

1. That the Court find and declare that the Plaintiff has suffered from acts of unlawful

sex discrimination and the creation of a hostile work environment by the
Defendant through its employees/agents.

2. The Plaintiff be awarded the lost back pay that she would have earned but for the
Defendants' unlawful acts, together with related benefits and other compensatory
damages resulting from the Defendants' intentional, willful and malicious conduct,
including, but not limited to, damages for future pecuniary loss, emotional pain,
suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-
pecuniary losses, attorneys fees, expert fees, and costs and disbursements in an amount
in an amount of $1,000,000.00 or otherwise as determined at trial.

D. Pursuant to Count IV against the Defendant:

1. That the Court find and declare that the Plaintiff has suffered emotional distress due
to negligent and unlawful acts of the Defendant through its employees/agents.

2. The Plaintiff be awarded the lost back pay that she would have earned but for the
Defendant's unlawful acts, together with related benefits and other compensatory
damages resulting from the Defendants' intentional, willful and malicious retaliation,
including, but not limited to, damages for future pecuniary loss, emotional pain, suffering
inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses,
attorneys fees, expert fees, and costs and disbursements in an amount

of $1,000,000.00 or otherwise as determined at trial.

3. The Plaintiff be awarded such other relief as this Court deem just and proper.

D. Pursuant to Count V against the Defendant:

1. That the Court find and declare that the Plaintiff has suffered emotional distress due to intentional and unlawful acts of the Defendant through its employees/agents.

2. The Plaintiff be awarded the lost back pay that she would have earned but for the Defendant's unlawful acts, together with related benefits and other compensatory damages resulting from the Defendants' intentional, willful and malicious retaliation, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, attorneys fees, expert fees, and costs and disbursements in an amount of $1,000,000.00 or otherwise as determined at trial.

3. The Plaintiff be awarded such other relief as this Court deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury.

Dated: Stratford, Connecticut
          September 2, 2010

RESPECTFULLY SUBMITTED
ROSENBERG & PRESS LLC

BY

Max L. Rosenberg, Esquire
Federal Bar: ct26742
Rosenberg and Press, LLC
3333 Main Street, Suite 203
Stratford, Connecticut   06614
Telephone (203) 870.6700
Fax (203) 870.6701

## Verification

State of Connecticut   )
                           ) ss.: STRATFORD
County of Fairfield   )

JENNIFER NETTIS, being duly sworn, deposes and says:

I am the Plaintiff in the within proceedings and I have read the foregoing Complaint

and the contents thereof, the same is true to my knowledge, except as those matters

therein stated to be based upon information and belief, and as to those matters, I believe

them to be true.

*Jennifer Nettis*
JENNIFER NETTIS

Sworn to me this 2nd
day of September, 2010

Jared Riviere
Notary Public
State of
Connecticut
Commission Exp.
12/31/2014

# EXHIBIT A

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Jennifer Nettis
COMPLAINANT

vs.

DATE:  June 16, 2010

The First Student, Incorporated
RESPONDENT

CHRO Case No.  0930302                                    EEOC No. 16a200900761

## RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 21 Grand Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION    BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met.  The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days.  The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc: Complainant:  Jennifer Nettis
    Complainant's Attorney: Attorney Ilya Press
    Receipt for Certified Mail 7010 0290 0000 2236 0042
    Respondent: Human Resources, The First Student, Incorporated
    Respondent's Attorney: Attorney William C. Hicks
    Regional Manager:  Pekah Wallace, Regional Manager, West Central Office